James H. Rowland, Esq. (JR-5123)
ZETLIN & DE CHIARA LLP
Attorneys for Plaintiff:
*Triarch Architectural Services, P.C.*
801 Second Ave.
New York, New York 10017
(212) 682-6800


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TRIARCH ARCHITECTURAL SERVICES, P.C.,

         Plaintiff,

     -  against -

MEDALLION INC., VLADIMIR VORONCHENKO
and GARTH HAYDEN ARCHITECT

         Defendants.
-----------------------------------------------------------------X

**COMPLAINT**

**CIV NO.:**

**Jury Trial Demanded**

       Plaintiff Triarch Architectural Services, P.C. ("Triarch") by its attorneys Zetlin &

De Chiara, LLP, as and for its Complaint against Defendants Medallion Inc. ("Medallion"),

Vladimir Voronchenko ("Voronchenko") and Garth Hayden Architect ("GHA")(collectively

"Defendants"), states as follows:

## THE PARTIES, JURISDICTION AND VENUE

       1.     Triarch is a professional corporation organized and existing under the laws of the

State of New York with its principal place of business at 42 North Moore Street, New York,

New York 10013.

       2.     Upon information and belief, at all times herein mentioned Defendant Medallion

Inc. was and is a foreign corporation doing business in New York with a place of business

located in New York, New York.

3.     Upon information and belief, at all times herein mentioned Defendant Vladimir Voronchencko ("Voronchencko") was and is an individual who owns property and resides in the State of New York, County of New York.

4.     Upon information and belief, at all times herein mentioned Defendant Garth Hayden Architect is a New York Professional Corporation with an office located at 250 West 57th Street, New York, New York 10107.

5.     Upon information and belief, at all times herein mentioned Defendant Garth Hayden Architect is a New York Professional Limited Liability Company with an office located at 250 West 57th Street, New York, New York 10107.

6.     Upon information and belief, at all times herein mentioned Garth Hayden is licensed to practice architecture in the State of New York and maintains an office located at 250 West 57th Street, New York, New York 10107.

7.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 because this civil action arises under the Copyright Act, 17 U.S.C § 101, *et. seq.*

8.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) to hear the state law claims that are related to the federal question claims and are brought as part of the same case or controversy under Article III of the United States Constitution.   This Court has personal jurisdiction over the parties in this action in that the activities over which Triarch

complains, and giving rise to this action, took place in the State of New York, and upon information and belief, within the Southern District of New York.

9.     Each Defendant either conducts business or resides in this District. Venue is proper pursuant to 28 US.C § 1400 and 28 US.C § 1391 because a substantial part of the events giving· rise to the claims advanced herein occurred in this Judicial District and Defendants are subject to personal jurisdiction within this Judicial District.

## **FACTUAL BACKGROUND**

10.     Plaintiff is a professional architectural firm that provides architectural services which require unique skills and training.

11.     In or about September 2008, Triarch contracted with defendants Medallion and Voronchenko to provide architectural and design services in connection with the renovation and decoration of a residence to be occupied by Voronchenko at 515 Park Avenue, 21st Floor, New York, New York 10022 (the "Project").

12.     Triarch prepared architectural and interior design plans and renderings for the Project (hereinafter collectively referred to as the "Architectural Work")

13.     Copies of the Architectural Work was provided to an agent, representative and/or employee of Medallion and to Voronchenko from October 2008 through January 2009. After Triarch provided the drawings and renderings depicting the Architectural Work to Medallion and Voronchenko, its professional architectural services were terminated by Defendants.

3

14.     Upon information and belief, Medallion and/or Voronchenko retained GHA to provide architectural and design services for the Project.

15.     Upon information and belief, Defendant GHA was provided with copies of Plaintiff's Architectural Work.

16.     Upon information and belief, Defendant GHA included portions of Plaintiff's Architectural Work in amended plans that it submitted to the New York City Department of Buildings ("DOB").

17.     GHA did not have Triarch's permission to use the Architectural Work in GHA's amended plans.

18.     GHA filed plans with the DOB which included portions of Plaintiff's Architectural Work under GHA's own title block.

19.     The Architectural Work is an original work of authorship and constitutes copyrightable subject matter under the copyright laws of the United States (17 *U.S.C.A.* § *101 et. seq.).*

20.     Triarch has complied in all respects with the Copyright Act of 1976, as amended, and all other laws governing copyright, including the registration of such works.

21.     Triarch tendered applications for registration of the Architectural Work Copyright for the Architectural Work, together with the required deposit copies and fees to the Copyright Office. The Register of Copyright issued two Certificates of Registration No. VAu 1-020-230 and No. VAu 1-022-344; copies of which are annexed hereto as Exhibit "A" and "B".

22.     The copies of the Architectural Work provided to the Defendants Medallion and Voronchenko contained a Copyright notice including the year of the Copyright and contained the following language: "Copyright 2008".

23.     Defendants Medallion and Voronchenko have failed to fully pay Triarch for the services it rendered on the Project and, as of February 5, 2009, owed Triarch One Hundred Seventy Three Thousand Dollars and Ninety-Nine Cents ($173,400.99).

24.     Defendants Medallion and Voronchenko have refused to pay Triarch the One Hundred Seventy Three Thousand Dollars and Ninety-Nine Cents ($173,400.99) owed for services provided by Triarch on the Project.

25.     Upon information and belief, after January 31, 2009, the Defendants illegally copied and duplicated the Architectural Work for the renovation and decoration of the Project.

26.     Defendants have renovated and designed Voronchenko's residence using the illegally duplicated Architectural Work at the Project, without the knowledge, permission or consent of Plaintiff.

27.     The design used to renovate and decorate the Project was copied from the Architectural Work.

28.     Prior to the illegal use of the Architectural Work for the renovation and decoration of the Project, Defendants were aware of and/or should have known that a license for any use of the Architectural Work was required.

29.     Defendants have illegally duplicated and misappropriated the Architectural Work

5

as their own original work design without the consent or authorization of Plaintiff.

30.     Upon information and belief Defendants have distributed, duplicated and filed or caused to be filed the illegally duplicated and misappropriated Architectural Work without the consent or authorization of Plaintiff.

31.     Upon information and belief, defendants illegally duplicated and distributed the Architectural Work as their own original work design which has caused confusion, mistake and/or deception as to the fact that Plaintiff lawfully possesses the exclusive Architectural Work Copyright for the Architectural Work.

32.     As a result of defendants' violation of Plaintiff's Architectural Work Copyright, Plaintiff has suffered and will continue to suffer substantial damages and loss of profits.

## AS AND FOR A FIRST CAUSE OF ACTION FOR
## COPYRIGHT INFRINGEMENT AGAINST DEFENDANTS

33.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 22 as though set forth herein at length.

34.     Defendants infringed on Plaintiff's Architectural Work Copyright rights, including but not limited to those under 17 U.S.C §§ 102(a)(8) and 106, by duplicating, publishing and misappropriating the Architectural Work without Plaintiff's authorization or permission.

35.     Defendants infringed on Plaintiff's Architectural Work Copyright rights, including but not limited to those under 17 U.S.C. §§ 102(a)(8) and 106, by using the Architectural Work for purposes of renovating and decorating 515 Park Avenue, 21st Floor, New York, New York without Plaintiff's authority or permission.

6

36.     Upon information and belief, Defendants' acts were willful, intentional and purposeful, in violation of Plaintiff's rights.

37.     As a direct and proximate result of Defendants' infringement of Plaintiff's Architectural Work Copyright and exclusive rights under the Copyright, Plaintiff is entitled to elect actual damages plus all profits, gains and advantages derived by Defendants by their infringement or statutory damages pursuant to 17 U.S.C. § 504 (c), in an amount not less than One Hundred Fifty Thousand ($150,000) Dollars per copyright violation.

38.     Plaintiff is further entitled to its attorneys' fees and costs, pursuant to 17 U.S.C. § 505, to the extent that Defendants' infringement is found to be willful and intentional.

39.     The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.

40.     Plaintiff has no adequate remedy at law.

41.     Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiffs Copyrights, and ordering Defendants to destroy all copies of the Architectural Work made in violation of Plaintiffs exclusive rights and cease and desist work on any apartment renovation pursuant to such plans.

## AS AND FOR A SECOND CAUSE OF ACTION FOR CONTRIBUTORY COPYRIGHT INFRINGEMENT AGAINST DEFENDANTS

42.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 39 as though set forth herein at length.

43.     Through their conduct alleged herein, Defendants have contributed to the infringement of Plaintiff's copyright rights by enabling, facilitating, materially contributing to and participating in the direct infringement of Plaintiff's exclusive right to reproduce and control the reproduction of its copyrighted Architectural Work.

44.     Upon information and belief, Defendants have distributed the Architectural Work to their design consultants, contractors, manufacturers and material suppliers in connection with the Project.

45.     The Defendants intended for their design consultants, contractors, manufacturers and material suppliers to use the Architectural Work in connection with their work on the Project.

46.     Defendants have actual and constructive knowledge that its consultants, contractors, manufacturers and material suppliers are infringing on Plaintiff's copyright rights by copying the Architectural Work, and Defendants encouraged their consultants, contractors, manufacturers and material suppliers to do same.

47.     Defendants enabled, facilitated, materially contributed to and participated in the infringement of Plaintiff's copyrighted Architectural Work by, among other things, providing Plaintiff's Architectural work to its consultants, contractors, manufacturers and material suppliers.

48.     Defendants acts of infringement are willful, intentional and purposeful, in violation of Plaintiff's rights.

49.     Owners' acts constitute contributory infringement of Plaintiff's copyright rights III violation of 17 U.S.C. § 106.

50.     As a direct and proximate result of Defendants' infringement of Plaintiff's Architectural Work Copyright and exclusive rights under the Copyright Act, Plaintiff is entitled to elect actual damages plus all profits, gains and advantages derived by Defendants by their infringement or statutory damages pursuant to 17 U.S.C. § 504 (c), in an amount not less than One Hundred Fifty Thousand ($150,000) Dollars per copyright violation.

51.     Plaintiff is further entitled to its attorneys' fees and costs, pursuant to 17 U.S.C. § 505, to the extent that Defendants' infringement is found to be willful and intentional.

52.     The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.

53.     Plaintiff has no adequate remedy at law.

54.     Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiffs Copyrights, and ordering Defendants to destroy all copies of the Architectural Work made in violation of Plaintiffs exclusive rights and cease and desist work on any apartment unit renovation or design pursuant to such plans.

### AS AND FOR A THIRD CAUSE OF ACTION FOR VICARIOUS COPYRIGHT INFRINGEMENT AGAINST DEFENDANTS

55.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 52 as though set forth herein at length.

56.     At all relevant times, Defendants had and have both the right and the ability to supervise and/or control their consultants and contractors infringing conduct, and to prevent their consultants from infringing Plaintiff's copyrighted Architectural Work.

57.     Instead, Defendants have declined to exercise the ability to stop their consultants' and contractors' conduct, while profiting from same, and so are liable for vicariously infringing on Plaintiffs copyright rights.

58.     Defendants' acts of infringement are willful, intentional and purposeful in violation of Plaintiff's rights.

59.     Defendants' acts constitute vicarious infringement of Plaintiff's copyright rights in violation of 17 U.S.C. § 106.

60.     As a direct and proximate result of Defendants' infringement of Plaintiff's Architectural Work Copyright and exclusive rights under the Copyright Act, Plaintiff is entitled to elect actual damages plus all profits, gains and advantages derived by Defendants by their infringement or statutory damages pursuant to 17 U.S.C. § 504 (c), in an amount not less than One Hundred Fifty Thousand ($150,000) Dollars per copyright violation.

61.     Plaintiff is further entitled to its attorneys' fees and costs, pursuant to 17 U.S.C. § 505, to the extent that Defendants' infringement is found to be willful and intentional.

62.     The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.

63.     Plaintiff has no adequate remedy at law.

64.     Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiffs Copyrights, and ordering Defendants to destroy all copies of the Architectural Work made in violation of Plaintiffs exclusive rights and cease and desist work on any apartment unit renovation or design pursuant to such plans.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR FALSE DESIGNATION OF ORIGIN IN VIOLATION OF THE LANHAM ACT (15 U.S.C. § 1125 (a)(I)(A» AGAINST DEFENDANTS

65.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 62 as though set forth herein at length.

66.     By the conduct alleged above, Defendants have caused the false designation of origin of Plaintiff's Architectural Work Copyright which has caused confusion, mistake and/or deception as to the fact that Plaintiff created the Architectural Work and lawfully possesses the exclusive Architectural Work Copyright for the Architectural Work in violation of 15 U.S.C. § 1125(a) (I) (A), and in violation of Plaintiffs rights in other applicable law.

67.     As a direct and proximate result of Defendants' false designation of origin, Plaintiff has suffered and will continue to suffer substantial damages and loss of profits and is entitled to actual damages plus all profits, gains and advantages derived by Defendants by their infringement to be determined at trial in an amount not less than One Hundred Fifty Thousand ($150,000) Dollars.

68.     Upon information and belief, Defendants' conduct renders this case an exceptional case pursuant to 15 U.S.C. § 1117(a) such that Plaintiff is entitled to reasonable attorney's fees.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR UNFAIR COMPETITION UNDER NEW YORK STATE LAW AND COMMON LAW AGAINST DEFENDANT GHA

69.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 66 as though set forth herein at length.

70.     By the conduct alleged above, Defendant GHA has misappropriated the Plaintiff's Architectural Work Copyright in the Architectural Work as its own original work design and has caused actual confusion as to the fact that Plaintiff created the Architectural Work and lawfully possesses the exclusive Architectural Work Copyright for the Architectural Work.

71.     GHA's misappropriation of Plaintiff's Copyright rights without authorization has given GHA an unfair competitive advantage because GHA has misappropriated the results of the labor, skill and expenditures of Plaintiff to achieve an unfair competitive commercial advantage within the building/construction market.

72.     As a direct and proximate result of GHA's misappropriation that provided an unfair competitive advantage, Plaintiff has suffered and will continue to suffer substantial damages and loss of profits and is entitled to actual damages plus all profits, gains and advantages derived by GHA by its unfair competition to be determined at trial in an amount not less than One Hundred Fifty Thousand ($150,000) Dollars.

WHEREFORE Plaintiff demands the following relief:

1.     For an injunction providing: "Defendants shall be and hereby are enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in the Copyrighted Architectural Work Plans, whether now in existence or later created, that are owned or controlled by Plaintiff (or any parent, subsidiary, affiliate, or licensing agent of Plaintiff) ("Plaintiff's Designs"), except pursuant to a lawful license or with the express authority of Plaintiff. Defendants shall also destroy all copies of the Architectural Work Plans that the Defendants have copied without Plaintiffs authorization and shall destroy all copies of those plans transferred onto any physical medium or device in Defendants' possession, custody, or control."

2.     On the First Cause of Action Against All Defendants, that Plaintiff recover actual damages and all profits, gains and advantages derived by Defendants, but not less than One Hundred Fifty Thousand ($150,000) Dollars; recover any and all common law damages but not less than one hundred fifty thousand ($150,000); recover statutory damages pursuant to 17 U.S.C. § 504 (c) but not less than One Hundred Fifty Thousand ($150,000) Dollars per copyright violation; recover attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

3.     On the Second Cause of Action Against All Defendants, that Plaintiff recover actual damages and all profits, gains and advantages derived by Defendants, but not less than One Hundred Fifty Thousand ($150,000) Dollars; recover any and all common law damages but not less than one hundred fifty thousand ($150,000); recover statutory damages pursuant to 17

13

U.S.C. § 504 (c) but not less than One Hundred Fifty Thousand ($150,000) Dollars per copyright violation; recover attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

4.      On the Third Cause of Action Against All Defendants, that Plaintiff recover actual damages and all profits, gains and advantages derived by Defendants, but not less than One Hundred Fifty Thousand ($150,000) Dollars; recover any and all common law damages but not less than one hundred fifty thousand ($150,000); recover statutory damages pursuant to 17 U.S.C. § 504 (c) but not less than One Hundred Fifty Thousand ($150,000) Dollars per copyright violation; recover attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

5.      On the Fourth Cause of Action Against All Defendants, that Plaintiff recover actual damages and all profits, gains and advantages derived by Defendants, but not less than One Hundred Fifty Thousand Dollars; recover statutory damages pursuant to 15 U.S.C § 1125(a)(I)(A) but not less than One Hundred Fifty Thousand ($150,000) Dollars; recover attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a);

6.      On the Fifth Cause of Action Against Defendant GHA, that Plaintiff recover actual damages and all profits, gains and advantages derived by GHA, but not less than One Hundred Fifty Thousand ($150,000) Dollars; and

7.      That Plaintiff receive prejudgment interest; and

8.      This action be submitted to a jury for determination; and

9.      For such other relief as may be appropriate.

Dated: New York, New York
April 13, 2011

ZETLIN & DE CHIARA, LLP

James H. Rowland (JR-5123)
Attorneys for Plaintiff
*Triarch Architectural Services, P.C.*
801 Second Avenue
New York, New York 10016
(212) 682-6800

## VERIFICATION

STATE OF NEW YORK      )
                                        )ss.:
COUNTY OF NEW YORK   )

STEPHEN CORELLI, being duly sworn deposes and says:

I am a Partner of Triarch Architectural Services, P.C. in the within action, and I have read the foregoing Verified Complaint and know the contents thereof. The same is true to my own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe to be true. This verification is made by me because Triarch Architectural Services, P.C. is a professional corporation and I am a Partner thereof.

_____
Stephen Corelli

Sworn to before me this
19th day of January, 2011

_____
NOTARY PUBLIC

JENNIFER A SCOGNAMIGLIO
Notary Public - State of New York
NO. 01SC6223075
Qualified in Nassau County
My Commission Expires 6|1|14

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

## VAu 1-020-230

**Effective date of registration:**

April 5, 2010

---

## Title

**Title of Work:** 515 Park Avenue, 21st Floor Plans and Interior Renovation

## Completion/ Publication

**Year of Completion:** 2009

## Author

■ **Author:** Triarch Architectural Services, P.C.

**Author Created:** Architectural work

**Work made for hire:** Yes

**Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Triarch Architectural Services, P.C.

42 North Moore Street, New York, NY 10013

## Rights and Permissions

**Organization Name:** Triarch Architectural Services, P.C.

**Address:** 42 North Moore Street

New York, NY 10013

## Certification

**Name:** James H. Rowland

**Date:** April 2, 2010

---

**Correspondence:** Yes

# EXHIBIT B

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**
## VAu 1-022-344

**Effective date of registration:**

May 3, 2010

## Title

**Title of Work:** 515 Park Avenue, 21st Floor Interior Renovation Renderings

## Completion/ Publication

**Year of Completion:** 2009

## Author

■ **Author:** Triarch Architectural Services, P.C.

**Author Created:** 2-dimensional artwork, technical drawing

**Work made for hire:** Yes

**Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Triarch Architectural Services, P.C.

42 North Moore Street, New York, NY 10013

## Rights and Permissions

**Organization Name:** Triarch Architectural Services, P.C.

**Address:** 42 North Moore Street

New York, NY 10013

## Certification

**Name:** James H. Rowland

**Date:** April 28, 2010

**Correspondence:** Yes