UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
TRIARCH ARCHITECTURAL SERVICES, P.C. and TRIARCH, INC.,

Plaintiffs,

-against-

MEDALLION INC., VLADIMIR VORONCHENKO and GARTH HAYDEN ARCHITECTS,

Defendants.
--------------------------------X

**Case 1:11-CV-02708-AKH**

**ANSWER TO FIRST AMENDED COMPLAINT**

**TRIAL BY JURY DEMANDED**

The defendant, Garth Hayden Architects, by its attorneys, Gogick, Byrne & O'Neill, LLP, as and for its Answer to the plaintiff's Amended Complaint, respectfully sets forth upon information and belief as follows:

**THE PARTIES, JURISDICTION AND VENUE**

1. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraphs "1", "2", "3" and "4" of the Amended Complaint.

2. Denies the truth of each and every allegation contained within paragraphs "5" and "6" of the Amended Complaint.

3. Admits each and every allegation contained within paragraph "7" of the Amended Complaint.

4. Denies having knowledge or information sufficient to

form a belief as to the truth of the allegations contained within paragraphs "8", "9", "10" and "11" of the Amended Complaint and respectfully refers all questions of law to the Honorable Court.

**FACTUAL BACKGROUND**

5. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraphs "12", "15" and "23" of the Amended Complaint.

6. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "13" Amended Complaint and respectfully refers the Honorable Court to any contracts or agreements for all of their terms, provisions, conditions and limitations.

7. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraphs "14" and "24" of the Amended Complaint and respectfully refers the Honorable Court to any referenced documents for all of their terms, provisions, conditions and limitations.

8. Denies the truth of each and every allegation contained within paragraph "16" of the Amended Complaint in the form alleged except admits Garth Hayden Architects entered into a Professional Architectural Services Agreement, and respectfully refers the Honorable Court to any contracts or

agreements for all of their terms, provisions, conditions and limitations, and except as so admitted otherwise denied.

9. Denies the truth of each and every allegation contained within paragraphs "17", "18", "20", and "29" of the Amended Complaint.

10. Denies the truth of each and every allegation contained within paragraph "19" of the Amended Complaint in the form alleged.

11. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraphs "21" and "22" of the Amended Complaint and respectfully refers all questions of law to the Honorable Court.

12. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraphs "25" and "26" of the Amended Complaint, respectfully refers the Honorable Court to any contracts or agreements for all of their terms, provisions, conditions and limitations, and respectfully refers all questions of law to the Honorable Court.

13. Denies the truth of each and every allegation contained within paragraphs "27", "28", "30", "31", "32", "33" and "34" of the Amended Complaint as to this answering defendant in the form alleged, otherwise denies having knowledge or information sufficient to form a belief as to the truth of the

allegations contained within paragraphs "27", "28", "30", "31", "32", "33" and "34" as to all others, and respectfully refers all questions of law to the Honorable Court.

**ANSWER TO FIRST CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT AGAINST DEFENDANTS**

14. The responding defendant repeats, reiterates and realleges each and every denial hereinbefore set forth in response to paragraphs "1" through "34" with the same force and effect as if the same were set forth in full herein in response to paragraph "35" of the Amended Complaint.

15. Denies the truth of each and every allegation contained within paragraphs "36" through "41", inclusive, and "43" of the Amended Complaint as to this answering defendant, otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraphs "36" through "41", inclusive, and "43" as to all others, and respectfully refers all questions of law to the Honorable Court.

16. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "42" of the Amended Complaint and respectfully refers all questions of law to the Honorable Court.

**ANSWER TO SECOND CAUSE OF ACTION FOR**
**CONTRIBUTORY INFRINGEMENT AGAINST DEFENDANTS**

17. The responding defendant repeats, reiterates and realleges each and every denial hereinbefore set forth in response to paragraphs "1" through "43" with the same force and effect as if the same were set forth in full herein in response to paragraph "44" of the Amended Complaint.

18. Denies the truth of each and every allegation contained within paragraphs "45" through "54", inclusive, and "56" of the Amended Complaint as to this answering defendant, otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraphs "45" through "54", inclusive, and "56" as to all others, and respectfully refers all questions of law to the Honorable Court.

19. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "55" of the Amended Complaint and respectfully refers all questions of law to the Honorable Court.

**ANSWER TO THIRD CAUSE OF ACTION FOR**
**VICARIOUS COPYRIGHT INFRINGEMENT AGAINST DEFENDANT**

20. The responding defendant repeats, reiterates and realleges each and every denial hereinbefore set forth in response to paragraphs "1" through "56" with the same force and effect as if the same were set forth in full herein in response

to paragraph "57" of the Amended Complaint.

21. Denies the truth of each and every allegation contained within paragraphs "58" through "64", inclusive, and "66" of the Amended Complaint as to this answering defendant, otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraphs "58" through "64", inclusive, and "66" as to all others, and respectfully refers all questions of law to the Honorable Court.

22. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "65" of the Amended Complaint and respectfully refers all questions of law to the Honorable Court.

**ANSWER TO FOURTH CAUSE OF ACTION FOR FALSE DESIGNATION OF ORIGIN IN VIOLATION OF THE LANHAM ACT (15 U.S.C §1125 (a)(I)(A) AGAINST DEFENDANTS**

23. The responding defendant repeats, reiterates and realleges each and every denial hereinbefore set forth in response to paragraphs "1" through "66" with the same force and effect as if the same were set forth in full herein in response to paragraph "67" of the Amended Complaint.

24. Denies the truth of each and every allegation contained within paragraphs "68", "69" and "70" of the Amended Complaint as to this answering defendant, otherwise denies having knowledge or information sufficient to form a belief as

to the truth of the allegations contained within paragraphs "68", "69", and "70" as to all others, and respectfully refers all questions of law to the Honorable Court.

**ANSWER TO FIFTH CAUSE OF ACTION FOR UNFAIR COMPETITION UNDER NEW YORK STATE LAW AND COMMON LAW AGAINST DEFENDANT GHA**

25. The responding defendant repeats, reiterates and realleges each and every denial hereinbefore set forth in response to paragraphs "1" through "70" with the same force and effect as if the same were set forth in full herein in response to paragraph "71" of the Amended Complaint.

26. Denies the truth of each and every allegation contained within paragraphs "72", "73" and "74" of the Amended Complaint and respectfully refers all questions of law to the Honorable Court.

**ANSWER TO THE SIXTH CAUSE OF ACTION LIEN FORECLOSURE AGAINST MEDALLION**

27. The responding defendant repeats, reiterates and realleges each and every denial hereinbefore set forth in response to paragraphs "1" through "74" with the same force and effect as if the same were set forth in full herein in response to paragraph "75" of the Amended Complaint.

28. Denies the truth of each and every allegation contained within Paragraphs "76" through "88", inclusive, of the Amended Complaint to the extent that any such allegations relate to this answering defendant, otherwise denies having knowledge

or information sufficient to form a belief as to the truth of the allegations contained within said paragraphs as to all others, and respectfully refers all questions of law to the Honorable Court.

**ANSWER TO SEVENTH CAUSE OF ACTION FOR BREACH OF CONTRACT AGAINST MEDALLION**

29. The responding defendant repeats, reiterates and realleges each and every denial hereinbefore set forth in response to paragraphs "1" through "88" with the same force and effect as if the same were set forth in full herein in response to paragraph "89" of the Amended Complaint.

30. Denies the truth of each and every allegation contained within Paragraphs "90" through "95", inclusive, of the Amended Complaint to the extent that any such allegations relate to this answering defendant, otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within said paragraphs as to all others, and respectfully refers all questions of law to the Honorable Court.

**ANSWER TO EIGHTH CAUSE OF ACTION UNJUST ENRICHMENT AGAINST MEDALLION**

31. The responding defendant repeats, reiterates and realleges each and every denial hereinbefore set forth in response to paragraphs "1" through "95" with the same force and effect as if the same were set forth in full herein in response

to paragraph "96" of the Amended Complaint.

32. Denies the truth of each and every allegation contained within Paragraphs "97" through "102", inclusive, of the Amended Complaint to the extent that any such allegations relate to this answering defendant, otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within said paragraphs as to all others, and respectfully refers all questions of law to the Honorable Court.

**ANSWER TO NINTH CAUSE OF ACTION**
**QUANTUM MERUIT AGAINST MEDALLION**

33. The responding defendant repeats, reiterates and realleges each and every denial hereinbefore set forth in response to paragraphs "1" through "102" with the same force and effect as if the same were set forth in full herein in response to paragraph "103" of the Amended Complaint.

34. Denies the truth of each and every allegation contained within Paragraphs "104" through "110", inclusive, of the Amended Complaint to the extent that any such allegations relate to this answering defendant, otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within said paragraphs as to all others, and respectfully refers all questions of law to the Honorable Court.

**ANSWER TO TENTH CAUSE OF ACTION**
**ACCOUNT STATED AGAINST MEDALLION**

35. The responding defendant repeats, reiterates and realleges each and every denial hereinbefore set forth in response to paragraphs "1" through "110" with the same force and effect as if the same were set forth in full herein in response to paragraph "111" of the Amended Complaint.

36. Denies the truth of each and every allegation contained within Paragraphs "112" through "118", inclusive, of the Amended Complaint to the extent that any such allegations relate to this answering defendant, otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within said paragraphs as to all others, and respectfully refers all questions of law to the Honorable Court

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

That the Amended Complaint of the plaintiff fails to state a cause of action upon which relief may be granted, cognizable in equity or law, against this defendant, and must therefore be dismissed.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

Upon information and belief the injuries or damages alleged by plaintiff, all of which are expressly denied by this

answering defendant, were caused by the intervening, interceding and superseding acts of third parties not under the control of this answering defendant.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

At the time and place mentioned in the Amended Complaint, this defendant violated no legal duty owing by it to plaintiff.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

At the time and place mentioned in the Amended Complaint, this defendant was not guilty of any negligence which was a proximate cause of the alleged damages of which plaintiff complains.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

At the time and place mentioned in the Amended Complaint, Plaintiff's work product was not copyrightable.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

At the time and place mentioned in the Amended Complaint, defendant actually originated the design for which plaintiff is now attempting to claim credit.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

At the time and place mentioned in the Amended Complaint, the designs embodied in the plaintiff's drawings for the premises were dictated by Code considerations, or the functional requirements of the space.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

At the time and place mentioned in the Amended Complaint, answering defendant did not copy plaintiff's drawings.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

At the time and place mentioned in the Amended Complaint, answering defendant prepared new drawings of the space, based upon the measured drawings of the original conditions of the apartment which were not prepared by the plaintiff.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

At the time and place mentioned in the Amended Complaint, the designs utilized by answering defendant constituted their own work product.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

Assuming, arguendo, that the plaintiff's copyrighted work was used by the defendant it would have been pursuant to an implied non-exclusive license.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

Medallion's non-party architect and design team owned the drawings used in the construction of the subject apartment and it was upon them that the plaintiff based its alleged drawings.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

At the time and place mentioned in the Amended Complaint, The designs prepared by answering defendant are different than the designs prepared by plaintiff.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

The false designation claim (the Fourth Cause of Action) is subject to dismissal in that the plaintiff has not and cannot show that its practice exceeds the borders of New York such that the alleged conduct affects interstate commerce.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred by the doctrine of *laches*.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

The plaintiff's copyright claim is barred by the failure to name an indispensable party.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

Some or all of the relief sought in the plaintiff's copyright claims is barred by the defendant's innocent intent.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

The plaintiff has alleged no injury to the public and/or consumers so as to give rise to a claim for unfair competition.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

An award of statutory damages and/or attorney's fees to plaintiff is not available under 17 U.S.C.S. §412(2).

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

At most, the architectural plans at issue were part of a joint work under 17 U.S.C.S. §201(a).

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

The subject apartment has not been sold and there have been no *profits* which may be subject to recovery.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

Under §505 of the 1976 Act, this Court may not award a reasonable attorney's fee to the prevailing party as a part of costs.

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**

The Fifth Cause of Action for *Unjust Enrichment under State Law* is preempted: unjust enrichment seeks to compensate the plaintiff for the alleged us and imitation of protected work, which rights are protected by copyright law. 17 U.S.C.S. §101 *et seq*.

**AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Neither the submission of architectural plans to municipal authorities, nor the placement of a work in a public file nor the circulation of plans to contractors for purposes of working on a construction project constitutes an act of publication under the Copyright Act of 1976, Pub. L. No. 94-553, 90 Stat. 2541, H.R. Rep. No. 94-1476, at 138 (1976).

**AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE**

As pled, the only possible use of the allegedly infringed drawings was in connection with the construction site; as such there can be no consumer confusion and therefore no cognizable damages under the Lanham Act.

**AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred by the doctrine of *estoppel*.

**AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

At issue are merely ideas, concepts, and processes that are not protected from copying under the Copyright Act.

**AS AND FOR A CROSS-CLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION AGAINST CO-DEFENDANTS, THE ANSWERING DEFENDANT ALLEGES:**

That any injuries and damages sustained by the plaintiff herein as a result of the alleged incident described in the plaintiff's Amended Complaint were sustained in whole or in part by reason of the negligence, professional malpractice, or breach of contract or other breach of duty on the part of the plaintiff or co-defendants.

That if it is determined that the answering defendant is liable in any degree to the plaintiff whether because of negligence, by operation of law or any other reason, the answering defendant is entitled to have the liability

apportioned among and between the co-defendants by way of contribution and/or is entitled to be indemnified by the co-defendants.

**AS AND FOR A CROSS-CLAIM FOR INDEMNIFICATION AGAINST CO- DEFENDANTS, THE ANSWERING DEFENDANT ALLEGES:**

That on or before the dates set forth in the Amended Complaint, and upon information and belief, the co-defendants, entered into agreements, whereby said co-defendants agreed to indemnify and hold the answering defendant harmless in the event of any suit or claim for personal injuries, property damage, pecuniary loss and or wrongful death as a result of the work being done pursuant to said agreements.

**AS AND FOR A CROSS-CLAIM FOR BREACH OF AN INSURANCE PROCUREMENT OBLIGATION AGAINST CO-DEFENDANTS, THE ANSWERING DEFENDANT ALLEGES:**

That on or before the dates set forth in the Amended Complaint, and upon information and belief, the co-defendants, entered into agreements whereby said co-defendants were to procure insurance and/or name the answering defendant as additional insureds under the co-defendants' insurance policies.

That, upon information and belief, co-defendants failed to obtain liability insurance protecting the interests of the answering defendant, as additional named insureds, pursuant to the terms of the agreements.

That upon information and belief the answering defendant

has suffered costs and expenses in defending this action and is subjected to potential liability for the claims asserted by plaintiffs due to the failure of co-defendants to obtain the required liability insurance coverage for the answering defendant's benefit, and due to the failure of co-defendants to defend and indemnify the answering defendant for the claims asserted by plaintiffs in this action.

That by reason of the foregoing the co-defendants will be liable to the answering defendant for the full amount of any recovery obtained herein by plaintiffs against the answering defendant, and for all costs, expenses, attorneys fees and legal expenses of any kind incurred by the answering defendant in the defense of this action due to the failure and breach of the aforementioned agreements by co-defendants.

That said agreements were in full force and effect on the dates set forth in the Amended Complaint. That the claims being made by the plaintiff herein, if true, will entitle the answering defendant to be indemnified and held harmless by plaintiff and co-defendants as aforesaid.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, defendant hereby demands a trial by jury.

**WHEREFORE**, the answering defendant demands judgment:

a. Dismissing the Amended Complaint as against the answering defendants;

b. Determining the relative culpability and rights as between all the parties;

c. Awarding judgment over and against co-defendants, in whole or in part, or in such amount as the Court may direct for any verdict or judgment which any party to this action may recover against the answering defendants; and,

d. Awarding the costs and expenses of this litigation, including attorney's fees.

Dated: New York, New York
July 2, 2011

GOGICK, BYRNE & O'NEILL, LLP
Attorneys for Defendant,
Garth Hayden Architects

By: [signature]
Albert Wesley McKee (9152)
11 Broadway, Suite 1560
New York, NY 10004-1314
(212) 422-9424

TO:

Evan Mandel, Esq.
Mandel Bhandari LLP
11 Broadway, Suite 615
New York, NY 10004
em@mandelbhandari.com
Attorneys for Plaintiffs
Tel: 212-269-5600
Fax: 646-964-6667

Sam Israel, Esq.
1 Liberty Plaza
23rd Floor
New York, NY 10006
smisrael@aol.com
Tel: 212-201-5345
Fax: 212-201-5343
Attorney for defendants,
Medallion Inc. and Vladimir
Voronchenko

**File #472-320**

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK )
ss.:
COUNTY OF NEW YORK )

I, Jean Milani, being sworn, say; I am not a party to this action, am over 18 years of age, and reside in Brooklyn, New York.

On **July 2, 2011**, I served the within **ANSWER TO FIRST AMENDED COMPLAINT** by depositing true copies thereof enclosed in post-paid wrappers, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to:

Evan Mandel, Esq.
Mandel Bhandari LLP
11 Broadway, Suite 615
New York, NY 10004
em@mandelbhandari.com
Attorneys for Plaintiffs
Tel: 212-269-5600
Fax: 646-964-6667

Sam Israel, Esq.
1 Liberty Plaza
23rd Floor
New York, NY 10006
smisrael@aol.com
Tel: 212-201-5345
Fax: 212-201-5343
Attorney for defendants, Medallion Inc. and Vladimir Voronchenko

Jean Milani

Sworn to before me this
2nd day of July, 2011

Notary Public
MAUREEN A. SPENCER
Notary Public, State of New York
No. 01SP4949495
Qualified in Richmond County
Commission Expires May 30, 2007



P:\400\472-320\Legal\ANSWER - 7-2-12.doc