EXHIBIT G

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------------------x

TRIARCH ARCHITECTURAL SERVICES, P.C.,

                            Plaintiff,

        - against -

MEDALLION INC.,

                          Defendant.

----------------------------------------------------------------------x

**SUMMONS**

Index No.:      **09107644**
Date purchased:

Plaintiff designates New York County as the place of trial.

The basis of venue is Plaintiff's place of business

**To each of the above-named Defendant**

**FILED**

**MAY 29 2009**

**COUNTY NEW YORK
CLERK'S OFFICE**

      **YOU ARE HEREBY SUMMONED** to answer the Verified Complaint in this action and to serve a copy of your answer on plaintiff's attorneys within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York). In the event of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Verified Complaint.

Date:  Brooklyn, New York
       May 13, 2009

                       ZETLIN & DE CHIARA LLP

                       By: James H. Rowland
                       *Attorneys for Plaintiff*
                       *Triarch, Inc.*
                       801 Second Avenue
                       New York, New York 10016
                       (212) 682-6800

SCANNED ON 5/29/2009

Defendants' Addresses:

MEDALLION INC.                 and         New York Department of State
515 Park Avenue, 21st Floor                 Secretary of State
New York, New York 10022                      41 State Street
                                              Albany, NY 12231

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------------x

TRIARCH ARCHITECTURAL SERVICES, P.C.,        **<u>COMPLAINT</u>**

                                       Plaintiff,        Index No.:

- against -

MEDALLION INC.,

                                       Defendant.

----------------------------------------------------------------x

Plaintiff, Triarch Architectural Services, P.C. ("Triarch"), by its attorneys Zetlin & De Chiara LLP, as and for its Verified Complaint in this action, alleges as follows:

## <u>The Parties</u>

1.      At all relevant times hereinafter mentioned, Triarch was and still is a professional corporation duly incorporated under the laws of the State of New York, having a place of business located at 42 North Moore Street, New York, New York 10013.

2.      At all relevant times hereinafter mentioned, Triarch is an architectural and interior design firm.

3.      Upon information and belief, at all relevant times hereinafter mentioned, Defendant Medallion Inc. ("Medallion") was and still is a corporation duly organized under the laws of the State of New York and authorized to do business in the State of New York, with a place of business located at 515 Park Avenue, 21st Floor, New York, New York 10022.

4.      At all relevant times hereinafter mentioned, Medallion is the owner of a condominium unit located at 515 Park Avenue, 21st Floor, New York, New York 10022 (the "Unit").

3

5. Upon information and belief, at all relevant times hereinafter mentioned, Medallion conducted business within the State of New York.

6. Pursuant to a contract dated September 5, 2008 (the "Contract"), Medallion retained Triarch to provide architectural and interior design services in connection with the renovation and decoration of the Unit (the "Project").

## AS AND FOR A FIRST CAUSE OF ACTION
### (Lien Foreclosure)

7. Pursuant to the Contract, Triarch performed architectural and interior design services at the request of Medallion for the Project.

8. The services performed by Triarch were performed and furnished for the improvement of the Unit and were performed with the knowledge and consent and at the request of Medallion.

9. As of February 5, 2009, Triarch had performed architectural and interior design services for the Project, the total value of which was Two Hundred Thirteen Thousand Six Hundred Eight Dollars and Twenty-Six Cents ($213,608.26).

10. As of February 5, 2009, Medallion had only made payment to Triarch in the amount of Forty Thousand Two Hundred Seven Dollars and Thirty-Seven Cents ($40,207.37), leaving a total outstanding amount owed to Triarch by Medallion in the amount of One Hundred Seventy Three Thousand Four Hundred Dollars and Ninety-Nine Cents ($173,400.99).

11. Medallion has failed to make payment to Triarch of the One Hundred Seventy Three Thousand Four Hundred Dollars and Ninety-Nine Cents ($173,400.99) owed for

4

architectural and interior design services performed on the Project despite Triarch's demand for payment.

12.    At the time of the filing of the mechanic's lien hereinafter set forth, there was and still is justly due, owing and unpaid by Medallion to Triarch the sum of One Hundred Seventy Three Thousand Four Hundred Dollars and Ninety-Nine Cents ($173,400.99), with interest thereon from February 5, 2009.

13.    Pursuant to New York's Lien Law, on April 2, 2009, and within four (4) months of when Triarch last provided architectural and interior design services for the Project, Triarch caused to be filed in the Office of the Clerk of the County of New York, the county in which the Unit is situated, a Notice of Lien. (Exhibit A hereto).

14.    The Notice of Lien identified: (a) the name and address of Triarch; (b) the name and address of Triarch's counsel; (c) Medallion as the owner of the property and the party for whom Triarch's services were performed; (d) the services provided by Triarch for the Project; (e) the time the services were first provided and last provided; (f) the agreed to price for Triarch's services; (f) the amount still owed to Triarch for its services; and (g) the real property subject to the lien.

15.    The Notice of Lien was duly docketed in the New York County Clerk's Office in the Lien Docket, kept for said purpose, and thereafter, on or about April 2, 2009, a copy of the Notice of Lien was served on Medallion by certified mail.

16.    An affidavit with proof of service by certified mail of the Notice of Lien was filed with the New York County Clerk's Office on April 2, 2009. (Exhibit B hereto).

5

17.     By reason of the forgoing, plaintiff Triarch has acquired a good and valid lien on the Unit in the amount of One Hundred Seventy Three Thousand Four Hundred Dollars and Ninety-Nine Cents ($173,400.99).

18.     The aforesaid lien has not been paid, waived, cancelled or discharged, and no action or proceeding either at law or in equity has been brought to recover the claim of Triarch.

19.     Furthermore, upon information and belief, the extent that other claims and/or liens exist against the Unit, they are subsequent and subordinate to Triarch's Lien and Triarch has no knowledge of any other liens on the Property.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Contract)

20.     Triarch repeats and reallages the allegations set forth in paragraphs 1 through 19 of the Verified Complaint as though fully set forth herein.

21.     Triarch entered into the Contract with Medallion to provide architectural and interior design services for the Project.

22.     Pursuant to this Contract, Triarch performed architectural and interior design services in connection with the Project for the benefit of Medallion.

23.     Pursuant to Article 6 of the Contract, payments to Triarch were due and payable upon receipt of Triarch's monthly invoices. In addition, the Contract provided that amounts unpaid for in excess of thirty (30) days would bear interest from the date the payment was due at a rate of 16% per annum.

6

24.     Medallion has failed to pay Triarch the sum of One Hundred Seventy Three Thousand Four Hundred Dollars and Ninety-Nine Cents ($173,400.99) for services provided to Medallion, despite due demand being made therefore.

25.     Medallion has breached its contractual agreement with Triarch by failing to make payment, in the amount of One Hundred Seventy Three Thousand Four Hundred Dollars and Ninety-Nine Cents ($173,400.99), to Medallion for services provided for the Project.

26.     By reason of the foregoing, Triarch has been damaged by defendant Medallion's breach of its Contract in the amount of One Hundred Seventy Three Thousand Four Hundred Dollars and Ninety-Nine Cents ($173,400.99), plus interest thereon and costs.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Unjust Enrichment)

27.     Triarch repeats and reallages the allegations set forth in paragraphs 1 through 26 of the Verified Complaint as though fully set forth herein.

28.     Triarch provided certain architectural and interior design services to Medallion for its benefit.

29.     Medallion accepted certain architectural and interior design services provided by Triarch without making full payment therefore, despite due demand.

30.     Medallion benefited from and continues to benefit from the services provided by Triarch for which Medallion has failed and/or refused to make payment.

31.     As a result of Medallion's failure to fully pay Triarch for these materials, supplies and equipment, Medallion has been unjustly enriched by the reasonable value of the services in the amount of One Hundred Seventy Three Thousand Four Hundred Dollars and Ninety-Nine Cents ($173,400.99), which Medallion has failed to pay Triarch.

7

32.	Triarch has been damaged as a result of Medallion's failure to fully pay Triarch for the services it provided in the amount of One Hundred Seventy Three Thousand Four Hundred Dollars and Ninety-Nine Cents ($173,400.99), which is due and owing to Triarch.

33.	By reason of the foregoing, Medallion has been unjustly enriched with respect to the services provided by Triarch and is liable to Triarch for the amount of One Hundred Seventy Three Thousand Four Hundred Dollars and Ninety-Nine Cents ($173,400.99), plus interest thereon and costs.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Quantum Meruit)

34.	Triarch repeats and reallages the allegations set forth in paragraphs 1 through 33 of the Verified Complaint as though fully set forth herein.

35.	Medallion requested that Triarch provide certain architectural and interior design services for the Project.

36.	Triarch provided certain architectural and interior design services for the Project.

37.	Medallion accepted the architectural and interior design services provided by Triarch.

38.	The fair and reasonable value of the architectural and interior design services provided by Triarch, for which Power Inc. has not paid, is One Hundred Seventy Three Thousand Four Hundred Dollars and Ninety-Nine Cents ($173,400.99), excluding interest, costs and attorneys fees.

39.	Despite due demand by Triarch, Medallion has failed, refused, and neglected to fully pay the cost of the services provided by Triarch.

8

40.     Triarch has been damaged as a result of Medallion's failure to fully pay Triarch for the architectural and interior design services provided in the amount of One Hundred Seventy Three Thousand Four Hundred Dollars and Ninety-Nine Cents ($173,400.99).

41.     By reason of the foregoing, Triarch is entitled to recover, in *quantum meruit*, from Medallion the amount of One Hundred Seventy Three Thousand Four Hundred Dollars and Ninety-Nine Cents ($173,400.99), plus interest thereon and costs.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Account Stated)

42.     Triarch repeats and realleges the allegations set forth in paragraphs 1 through 41 of the Verified Complaint as though fully set forth herein.

43.     Triarch entered into the Contract whereby Medallion agreed to pay Triarch for its architectural and interior design services performed for the Project.

44.     Triarch provided said architectural and interior design services to Medallion and provided Medallion with invoices requesting payment.

45.     Medallion has failed to pay invoices in an amount totaling One Hundred Seventy Three Thousand Four Hundred Dollars and Ninety-Nine Cents ($173,400.99), despite the fact that said invoices were delivered to and received and accepted by Medallion and retained by it without objection being made thereto or any item thereof.

46.     Triarch has repeatedly demanded that Medallion make payment for the outstanding invoices.

47.     To date, Medallion has refused to pay Triarch though due demand has been made for payment.

9

Supreme Court Records OnLine Library - page 9 of 13

48.     Medallion has not objected to the invoices sent by Triarch or returned them to Triarch.

49.     By reason of the aforesaid, an account has been stated according to which Medallion owes Triarch the sum of One Hundred Seventy Three Thousand Four Hundred Dollars and Ninety-Nine Cents ($173,400.99), plus interest thereon and costs.

**WHEREFORE,** Plaintiff Triarch Architectural Services, P.C. respectfully requests judgment against Defendant Medallion as follows:

(1)     On the First Cause of Action, that: (a) Triarch be adjudged to have a good and valid lien against the Unit in the amount of One Hundred Seventy Three Thousand Four Hundred Dollars and Ninety-Nine Cents ($173,400.99), together with costs and disbursements and attorneys fees; and (b) that the Unit be sold according to law and that Triarch be paid from the proceeds of such sale the amount of as against Defendant Power Inc. in the amount of One Hundred Seventy Three Thousand Four Hundred Dollars and Ninety-Nine Cents ($173,400.99), together with costs and disbursements and attorneys fees;

(2)     On the Second Cause of Action in the amount of One Hundred Seventy Three Thousand Four Hundred Dollars and Ninety-Nine Cents ($173,400.99), plus costs and interest thereon;

(3)     On the Third Cause of Action in the amount of One Hundred Seventy Three Thousand Four Hundred Dollars and Ninety-Nine Cents ($173,400.99), plus costs and interest thereon;

10

Supreme Court Records OnLine Library - page 10 of 13

(4)    On the Fourth Cause of Action in the amount of One Hundred Seventy Three Thousand Four Hundred Dollars and Ninety-Nine Cents ($173,400.99), plus costs and interest thereon; and

(5)    On the Fifth Cause of Action in the amount of One Hundred Seventy Three Thousand Four Hundred Dollars and Ninety-Nine Cents ($173,400.99), plus costs and interest thereon;

Dated: New York, New York
       May 28, 2009

ZETLIN & DE CHIARA LLP

By: James H. Rowland
*Attorneys for Plaintiff*
*Triarch Architectural Services, P.C.*
801 Second Avenue
New York, New York 10016
(212) 682-6800

11

# VERIFICATION

STATE OF NEW YORK    )
                          )ss.:
COUNTY OF NEW YORK  )

STEPHEN CORELLI, being duly sworn deposes and says:

I am a Partner of Triarch Architectural Services, P.C. in the within action, and I have read the foregoing Verified Complaint and know the contents thereof. The same is true to my own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe to be true. This verification is made by me because Triarch Architectural Services, P.C. is a professional corporation and I am a Partner thereof.

_____
Stephen Corelli

Sworn to before me this
28 day of May, 2009

_____
NOTARY PUBLIC

MARIA PAZ ARAPILES
Notary Public, State of New York
No. 01AR6180940
Qualified in Queens County
Commission Expires Nov. 03, 20__/2

2034709v1

Supreme Court Records OnLine Library - page 12 of 13

TRIARCH ARCHITECTURAL SERVICES, P.C.,

Plaintiff,

-against-

MEDALLION INC.,

Defendant.

**SUMMONS AND COMPLAINT**

**ZETLIN & DE CHIARA** LLP

Attorney(s) for ATTORNEYS FOR PLAINTIFF TRIARCH, INC.

Office and Post Office Address
801 SECOND AVENUE
NEW YORK, N.Y. 10017
(212) 682-6800

**FILED**

**MAY 29 2009**

NEW YORK
COUNTY CLERK'S OFFICE

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated: _____

Signature _____

Print Signer's Name _____

**Service of a copy of the within** is hereby admitted.

Dated,

**Attorney(s) for** ............................................

**Sir: Please take notice**

☐ *NOTICE OF ENTRY*
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on

☐ *NOTICE OF ENTRY*
that an order
settlement to the HON.
judges

of which the within is a true copy will be presented for
one of the

of the within named Court, at
on the            day of            at       M.
Dated,

**ZETLIN & DE CHIARA** LLP Attorney(s) for

Office and Post Office Address
801 SECOND AVENUE
NEW YORK, N.Y. 10017
(212) 682-6800

MAY 29 2009
UNITED

To

Attorney(s) for